UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE SHORTRIDGE,<br><br>              Plaintiff,<br><br>   v.<br><br>ELI LILLY AND COMPANY,<br><br>              Defendant. | CIVIL ACTION No. 05-CV-1308 (RMU)<br><br>Next Event: Status Conference -- 3/7/06 |

**ELI LILLY AND COMPANY'S CONSENT MOTION
TO TRANSFER ACTION TO THE DISTRICT OF NEW JERSEY**

Defendant Eli Lilly and Company ("Lilly"), with Plaintiff's consent, hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of New Jersey (Newark Division) ("District of New Jersey"). Lilly bases its motion on the fact that the District of New Jersey is a more convenient forum than the District of Columbia, the action could have been brought in the District of New Jersey in the first place, and transfer out of a district with absolutely no connection to the Plaintiff's cause of action is in the interest of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum). In further support of its consent motion, Lilly states:

1.      The District of New Jersey is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the District Court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe that many of the potential fact witnesses, and many sources of proof, are located in the District of New Jersey:

B3131132.3

- Plaintiff's mother, Barbara Putzrath, was allegedly prescribed the DES at issue in this litigation by Drs. Arthur Cohen and Robert Rossano in Matawan, New Jersey.

- The Cheesequake Pharmacy, the place where the DES was allegedly dispensed, was located in Old Bridge, New Jersey.

- Plaintiff's mother was living in South Amboy, New Jersey when she allegedly purchased and ingested DES.

- Plaintiff, Leslie Shortridge, was born in the Perth Amboy General Hospital, Perth Amboy, New Jersey.

2. Further, this action "might have been brought" originally in the District of New Jersey. 28 U.S.C. § 1404(a). First, the District of New Jersey has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1] Lilly is incorporated and has its principal place of business in Indiana. Plaintiff resides in and is presumably domiciled in the state of North Carolina. Second, New Jersey's long-arm statute reaches torts alleged to have occurred in New Jersey.[2] *See* N.J. Court Rules 1969 § 4:4-4 (2005). Thus, the District of New Jersey is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the District of New Jersey because the events that form the basis of Plaintiff's complaint, *i.e.*, prescription, sale, ingestion and exposure to DES, all occurred in New Jersey. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

3. Finally, the interests of justice support transfer of this action to the District of New Jersey. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing

---

[1] Defendants do not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Defendants do not concede that the value of Plaintiff's claims in fact exceed that minimum requirement.

[2] While Lilly concedes for the purposes of this Motion that Plaintiffs might have brought their claims originally in the District of New Jersey, Lilly reserves its rights to maintain any affirmative defense that it may possess.

public interest factors to consider). First, the relative docket congestion between the District of New Jersey and this Court favors transfer.[3] For the twelve month period ending September 30, 2004, the District of Columbia ranked 59th out of 94 federal district courts in median time from filing to disposition of civil cases. Conversely, the District of New Jersey ranked 16th -- among the most efficient federal district courts in the country. Next, the state of New Jersey has a strong interest in seeing that the product liability claims arising there are tried fairly and efficiently in accordance with its substantive law. Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, plaintiff's alleged exposure to DES did not occur here, and none of Plaintiff's injuries were diagnosed or treated here. Because this case has no connection to this district and because plaintiff consents to transfer, it is equitable to transfer this case out of the District of Columbia.

WHEREFORE, based on the foregoing reasons, Lilly respectfully requests that this Court grant their consented-to motion to transfer this case to the United States District Court for the District of New Jersey (Newark Division).

Respectfully submitted

ELI LILLY AND COMPANY,

/s/ James J. Dillon
James J. Dillon  (DC Bar #485593)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: December 5, 2005

---

[3] *See* Federal Court Management Statistics, District Courts (2004) http://www.uscourts.gov/cgi-bin/cmsd2004.pl.

## LOCAL RULE 7.1(m) CERTIFICATION

    Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with Plaintiff's counsel to determine whether Plaintiff opposes the relief requested in this motion. Plaintiff's counsel consented to the allowance of this motion.

/s/ James J. Dillon
James J. Dillon
